UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:17-0717 CJC (ADS)　　　　　　　　　　Date: January 31, 2019

Title: *Deonte Vondell Spicer v. J. Bunsold, et al.*

---

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Plaintiff(s):　　　Attorney(s) Present for Defendant(s):
　　　　None Present　　　　　　　　　　　　　　None Present

**Proceedings:　(IN CHAMBERS) ORDER TO SHOW CAUSE WHY PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT SHOULD NOT BE GRANTED**

　　　Before the Court is Plaintiff Deonte Vondell Spicer's ("Plaintiff") Request for Entry of Default ("Request") against Defendants J. Bunsold and D. Moreno ("Defendants"). [Dkt. No. 51]. Plaintiff argues that default should be entered because more than sixty days have passed since Defendants were served with the summons and complaint but Defendants have "failed to answer or otherwise defend as to Plaintiff's complaint." [Dkt. No. 51]. Defendants submitted an opposition to the Request ("Opposition") stating that neither Defendant had ever been properly served and stating that Plaintiff must serve the United States Attorney General and the United States Attorney's Office of the Central District of California pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. [Dkt. No. 52].

　　　At the direction of the Court's Order Directing Service, [Dkt. No. 27], the United States Marshals Service attempted to serve the United States Attorney's Office in Los Angeles, CA ("USAO"). [Dkt. Nos. 37 and 52]. The USAO refused to accept service, though the record is unclear as to what justification the USAO gave for doing so. [Dkt. Nos. 37 and 52]. According to the Process Receipt and Return, the "AUSA office rejected service on this process. Reason given is that the second amended complaint did not match the first." [Dkt. No. 37, p. 1]. In the Opposition, the USAO, as counsel for Defendants, asserts service was rejected on the ground that the summons was "the

wrong summons" "because the summons was not for the Second Amended Complaint." [Dkt. Nos. 52, p. 2; 52-1, p. 2].

On March 29, 2018, the United States Marshals mailed service to the United States Attorney General and also mailed Waiver of Service of Summons forms to each Defendant. [Dkt. Nos. 36, 38, and 41]. Defendants returned the signed waivers, executed on April 17, 2018 and May 20, 2018. [Dkt. Nos. 39 and 42].

In the Waiver of Service of Summons forms, each Defendant explicitly agreed to waive service of a summons and acknowledged that they understood judgment could be entered against them if an "answer or motion under Rule 12" was not served within 60 days of the listed dates. [Dkt. Nos. 38 and 42]. By the terms of the Waiver of Service of Summons forms, Defendant Moreno was required to file a responsive answer or motion by May 28, 2018 and Defendant Bunsold was required to file a responsive answer or motion by July 2, 2018. [Dkt. Nos. 38 and 42]. According to the Second Amended Complaint, Defendants are sued only in their individual capacities. [Dkt. No. 21, pp. 3 and 4]. Defendants have not cited, nor can the Court identify, any ground on which these waivers were invalid. See Fed. R. Civ. P. 4(d) and (i)(3); see also Oliver v. City of Oceanside, 2016 WL 8730533 *2 (S.D. Cal. July 1, 2016) (finding individual police officer defendants sued in both individual and official capacities are subject to Fed. R. Civ. P. 4(d)).

In addition to Defendants' explicit waiver of service, Defendants have solely based their contention that service was improper on the ground that the summons provided to the USAO was not the summons for Plaintiff's Second Amended Complaint. [Dkt. Nos. 52, p. 2; 52-1, p. 2]. As an initial matter, Rule 4 is a flexible rule that should be liberally construed to uphold service to long as a party receives sufficient notice of the complaint. Chan v. Society Expeditions, 39 F.3d 1398, 1404 (9th Cir. 1994) (citing United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)). Purely technical errors in the form of a summons do not invalidate service. Id. The alternative ground for rejecting service, that "the second amended complaint did not match the first," does not accord with the record which reflects that Plaintiff's Second Amended Complaint was the first and only complaint served on Defendants.

**CIVIL MINUTES – GENERAL**

Case No.: 5:17-0717 CJC (ADS)                                    Date: January 31, 2019

Title: *Deonte Vondell Spicer v. J. Bunsold, et al.*

[Dkt. Nos. 27 and 52]. Because the record reflects that the USAO refused service of the operative Second Amended Complaint on an invalid ground, the Court is inclined to find that the USAO has been properly served and, therefore, Defendants have been properly served.

      Accordingly, Defendants are hereby **ORDERED TO SHOW CAUSE by no later than February 14, 2018** why Plaintiff's Request should not be granted and default entered against Defendants pursuant to Federal Rule of Civil Procedure 55(a). Defendants may respond to this Order to Show Cause by filing a written response setting forth a compelling explanation of why the Defendants have not been properly served or by submitting an answer or a motion under Federal Rule of Civil Procedure 12. **Defendants are warned that failure to file a timely response will result in the Court granting Plaintiff's Request and entering default against Defendants.**

      **IT IS SO ORDERED.**

Initials of Clerk kh